IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,472-01 & -02






EX PARTE JAMES LESLIE KESMAN, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. B070770-R & B070773-R IN THE 163RD DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count
of aggravated sexual assault and two counts of indecency with a child. He was sentenced to
imprisonment for eighty years and twenty years, respectively. The Ninth Court of Appeals affirmed
his convictions. Kesman v. State, Nos. 09-08-00411-CR & 09-08-00412-CR (Tex. App.-Beaumont
Aug. 12, 2009, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
present mitigation evidence from four character witnesses and to consult with an expert witness on
sex offender treatment. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether trial counsel investigated the
possibility of presenting mitigation witnesses and consulting with an expert on sex offender
treatment. If the trial court finds that trial counsel did do so, it shall make findings as to what
specifically trial counsel investigated before Applicant's punishment hearing. The trial court shall
then determine whether trial counsel's performance was deficient and whether Applicant was
prejudiced. The trial court shall make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The reporter's record of the
punishment hearing in Applicant's case shall also be returned to this Court within 120 days of the
date of this order. Any extensions of time shall be obtained from this Court. 




Filed: March 30, 2011

Do not publish